UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on October 15, 2020

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| DEMETRIUS GREEN, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendant. | : | (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | 18 U.S.C. § 922(o) |
| | : | (Unlawful Possession of a Machinegun) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to Distribute Cocaine Base) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to Distribute Oxycodone) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to Distribute Hydromorphone) |
| | : | 18 U.S.C. § 924(c)(1)(B)(ii) |
| | : | (Using, Carrying and Possessing a Machinegun during a Drug Trafficking Offense) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d), 21 U.S.C. § 853(a), (p), and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about January 20, 2020, within the District of Columbia, **DEMETRIUS GREEN**, knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2009-CF2-014828 and 2009-CF2-002926, did unlawfully and knowingly receive and possess a firearm, that is, a Glock model 23, .40 S&W caliber pistol with conversion device, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about January 20, 2020, within the District of Columbia, **DEMETRIUS GREEN**, did knowingly and unlawfully possess a machinegun, that is, a Glock model 23, .40 S&W caliber pistol, equipped with a device that converted the pistol into a weapon which shot, and was designed to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

**(Unlawful Possession of a Machinegun**, in violation of Title 18, United States Code, Section 922(o))

## COUNT THREE

On or about January 20, 2020, within the District of Columbia, **DEMETRIUS GREEN**, did unlawfully, knowingly, and intentionally possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

**(Unlawful Possession With Intent to Distribute Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FOUR

On or about January 20, 2020, within the District of Columbia, **DEMETRIUS GREEN**, did unlawfully, knowingly, and intentionally possession with intent to distribute a mixture or substance containing a detectable amount of oxycodone, a Schedule II narcotic drug controlled

substance.

**(Unlawful Possession With Intent to Distribute Oxycodone**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FIVE

On or about January 20, 2020, within the District of Columbia, **DEMETRIUS GREEN**, did unlawfully, knowingly, and intentionally possession with intent to distribute a mixture or substance containing a detectable amount of Hydromorphone, a Schedule II narcotic drug controlled substance.

**(Unlawful Possession With Intent to Distribute Hydromorphone**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT SIX

On or about January 20, 2020, within the District of Columbia, **DEMETRIUS GREEN**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is Counts Three, Four, and Five, of this Indictment which is incorporated herein, a machinegun, that is, a Glock model 23, .40 S&W caliber pistol, equipped with a device that converted the pistol into a weapon which shot, and was designed to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

**(Using, Carrying and Possessing a Firearm with a Machinegun during a Drug Trafficking Offense**, in violation of Title 18, United States Code, Section 924(c)(1)(B)(ii))

## FORFEITURE ALLEGATION

1.  Upon conviction of either of the offenses alleged in Counts One, Two, and Five of this indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Glock model 23, .40 S&W caliber pistol, and .40 caliber ammunition.

2. Upon conviction of either of the offenses alleged in Counts Three through Five of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(a), (p))

A TRUE BILL:

FOREPERSON.

*Michael Sherwin* /s/
Attorney of the United States in
and for the District of Columbia