UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )    CRIMINAL NO. 20-CR-222-ABJ |
| v. | ) |
| | ) |
| DEMETRIUS GREEN, | ) |
| | ) |
| Defendant. | ) |

## DEMETRIUS GREEN'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO EXCLUDE LATE DISCLOSED DNA EVIDENCE

The Government's opposition concedes the only issue before the court: that it had the ability and the means to conduct the STRmix DNA analysis that it finally conducted in 2022, 2 *years* after Mr. Green's arrest in this case. There were no "recent advances" in the science on which they now rely, and the government provides no rational explanation for its two-year delay, because there is none. Recognizing its error, the Government's opposition deflects to facts irrelevant to this motion. It is of no moment that it informed the defense of its belated intent to late-test the DNA that had been in its possession for 2 years. What is conceded warrants preclusion: the Government could have, but simply chose not to, conduct further testing and waited until less than a month before trial. This Court should exclude the evidence; no other remedy could cure the harm.

## ARGUMENT

The 32-page April 14, 2022 STRmix DNA analysis (hereinafter "Supplemental Report") (Ex. A) is material to the defense under Fed. R. Crim. P. 16. That is conceded by the Government. Ignoring that only it could have requested the testing underlying the Supplemental Report, the Government instead argues that the Supplemental Report was not in its control or possession until

April 14, 2022, and because it produced it on that day, it satisfied its Rule 16 obligations. Such a formalistic application of Rule 16 ignores that in assessing whether the Government had control of the evidence, the focus is "on the *fairness to the defendants* rather than the semantics of whether or not the prosecutors actually hold the evidence at the time that it should be produced." *United States v. Archbold-Manner*, 581 F. Supp. 2d 22, 24 (D.D.C. 2008) (emphasis added).[1]

As Mr. Green's opening brief made clear, STRmix analysis done in this case is not a "recent advancement" as the Government disingenuously asserted in its Fed. R. Evid. 702 disclosures. This analysis has been available to and *employed* by various Government agencies, including the FBI, as early as 2016. (*See* Ex. B.[2]) And it has been in wide use by the Government, per its own representations to courts, years before the alleged "recent advances" that the Government asserts led to testing in this case. *See United States v. Christensen*, 2019 WL 651500, at *2 (C.D. Ill. Feb. 15, 2019) ("[A] forensic examiner for the FBI . . . testified that STRmix has been validated internally by the FBI and . . . that STRmix is used by at least 43 laboratories in the United States, including the U.S. Army."). (*See also* Ex. B.) Surely the Government had access to a laboratory that would have conducted this testing at any time over the last two-years.

This Court has "*wide discretion* in imposing a sanction if it finds that Rule 16 has been violated," including "prohibit[ing] the violating party from introducing the evidence at issue." *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998), *as amended* (Mar. 6, 1998) (emphasis added). The sanction of exclusion is appropriate here for two reasons. First, the Government has not been forthright with the defense or the Court regarding the Government's ability to conduct

---

[1] Rule 16(c) is irrelevant to the question before the Court. That portion of the Rule relates to the obligation to disclose *new* evidence whenever it is discovered. The DNA evidence is not new, as it was collected in 2020, and neither was the STRmix testing employed in this case.

[2] Dr. Maher Noureddine is available to the Court.

STRmix testing. Second, the Government's decision to conduct this testing on the eve of trial forces Mr. Green to choose between his Sixth Amendment right to a speedy trial and his ability to mount an effective defense against the charges in this case.

On such facts, the Court should exercise its discretion and exclude the Supplemental Report. The Government's eleventh hour DNA testing that was within its control for the entire time this case has been pending, and its admission would be patently prejudicial to Mr. Green.

Dated: April 20, 2022
Washington, D.C.

Respectfully Submitted,

A.J. Kramer
Federal Public Defender

/s/ Sabrina P. Shroff
Sabrina P. Shroff
Assistant Federal Public Defender
625 Indiana Ave., NW, Suite 550
Washington, DC 20004
(202) 208-7500, ext. 130

/s/ Kevin B. Collins
Kevin B. Collins (Bar ID: 445305)
Shadman Zaman (admitted *pro hac vice*)
Taylor Glogiewicz (admitted *pro hac vice*)
COVINGTON & BURLING LLP
850 10th St NW
Washington, DC 20268
(202) 662-5598

*Counsel for Demetrius Green*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused copies of the foregoing to be transmitted to counsel registered to receive electronic service.

Signed,

/s/ Kevin B. Collins
Kevin B. Collins (Bar ID: 445305)
COVINGTON & BURLING LLP
850 10th St NW
Washington, DC 20268
(202) 662-5598

*Counsel for Demetrius Green*